**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **MATTHEW DUNTZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO. 3:23-cv-00692** |
| **v.** | ) | |
| | ) | |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, The Lincoln National Life Insurance Company ("Lincoln"), files this Answer to Plaintiff's Complaint (the "Complaint"), filed by Plaintiff, Matthew Duntz, and states as follows:

**JURISDICTION AND VENUE**

1. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan as defined by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln admits this Court has jurisdiction over this action. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. To the extent that the allegations contained in Paragraph 1 constitute legal conclusions, Lincoln is not required to answer such allegations. Lincoln admits that it issued Group Disability Income Policy No. 000010141290 (the "Policy") to Aerospace Technologies Group, Inc. ("Aerospace"), which, at certain times, insured long-term disability ("LTD") benefits from the Aerospace Technologies Group, Inc. Long Term Disability Plan (the "Plan") sponsored by Aerospace, and that, at certain times, Lincoln was the

claims administrator for claims for LTD benefits from the Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits Plaintiff's claims are governed by ERISA and that Plaintiff submitted a claim for LTD benefits from the Plan under the Policy that was assigned claim number 1220010964. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of LTD benefits from the Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln admits the allegations contained in Paragraph 3 of the Complaint.

## RELEVANT PARTIES

4. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits Plaintiff was, at certain times, employed by Aerospace. To the extent that the allegations contained in Paragraph 5 constitute legal conclusions, Lincoln is not required to answer such allegations. Lincoln admits Plaintiff's last day of work at Aerospace was July 30, 2021. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits that, at certain times, Aerospace sponsored and was the Plan Administrator of the Plan, which provided certain benefits to participating, eligible employees of Aerospace. To the extent that the allegations contained in Paragraph 6 constitute legal conclusions, Lincoln is not required to answer such allegations. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits that it issued the Policy to Aerospace, which, at certain times, insured LTD benefits from the Plan sponsored by Aerospace. Lincoln admits that, at certain times, it was the claims administrator of claims for LTD benefits from the Plan under the Policy. Lincoln specifically denies that it was the Plan Administrator of the Plan. To the extent that the allegations contained in Paragraph 7 constitute legal conclusions, Lincoln is not required to answer such allegations. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits that, at certain times, it was the claims administrator of claims for LTD benefits from the Plan under the Policy. Lincoln specifically denies that it was the Plan Administrator of the Plan. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits that, at certain times, it was the claims administrator of claims for LTD benefits from the Plan under the Policy. Lincoln specifically denies that it was the Plan Administrator of the Plan. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits that the Plan is an employee benefit plan as defined by ERISA and is governed by ERISA. Lincoln admits Plaintiff was, at certain times, an employee of Aerospace and that Aerospace sponsored the Plan to provide long term disability benefits to certain

employees of Aerospace, of which Plaintiff was, at certain times, a participant. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. To the extent that the allegations contained in Paragraph 11 seek to interpret the provisions of the Policy, Lincoln refers to the documents governing the Policy as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan, and Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

## STATEMENT OF FACTS

13. Lincoln incorporates its responses contained in Paragraphs 1 through 12 as if fully stated herein.

14. Lincoln admits that documentation concerning Plaintiff's age and date of birth are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits Plaintiff was, at certain times, employed by Aerospace as a Chief Sales Officer. Lincoln admits that certain documents concerning Plaintiff's job description and wages/salary at Aerospace are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln

refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits Plaintiff's last day of work at Aerospace was July 30, 2021. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the Aerospace Technologies Group, Inc. Short Term Disability Plan. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. To the extent that the allegations contained in Paragraph 19 seek to interpret the provisions of the Policy, Lincoln refers to the documents governing the Policy as the best evidence of their contents. Lincoln admits that Plaintiff submitted a claim for LTD benefits from the Plan under the Policy. Lincoln admits it sent a letter

dated May 2, 2022 to Plaintiff, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln admits it sent a letter dated May 2, 2022 to Plaintiff, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln admits Plaintiff submitted an appeal of the denial of LTD benefits from the Plan under the Policy. Lincoln admits it sent a letter dated June 26, 2023 to Plaintiff's counsel, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln admits the allegations contained in Paragraph 22 of the Complaint.

23. Lincoln admits that Plaintiff submitted a claim for LTD benefits from the Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Lincoln admits the Policy includes language pertaining to the definitions of "Disabled" or "Disability" as applicable to a participant's claim for benefits under the Policy, but Lincoln refers to the documents governing the Policy as the best evidence of their contents. To the extent that the allegations contained in Paragraph 24 seek to interpret the provisions of the Policy, Lincoln refers to the documents governing the Policy as the best evidence of their contents. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln denies the allegations contained in Paragraph 25 of the Complaint.

26. Lincoln denies the allegations contained in Paragraph 26 of the Complaint.

27. To the extent that the allegations contained in Paragraph 27 seek to interpret the provisions of the Policy, Lincoln refers to the Policy as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. Lincoln denies the allegations contained in Paragraph 28 of the Complaint.

## CAUSES OF ACTION

### COUNT I -- ERISA/Statutory Claims

29. Lincoln incorporates its responses contained in Paragraphs 1 through 28 as if fully stated herein.

30. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan governed under ERISA, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

Lincoln denies the allegations contained in the Prayer for Relief of the Complaint and denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for long term disability benefits from the Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to offset pursuant to the terms of the Plan under the Policy, resulting from Plaintiff's receipt of benefits or other income, including, but not limited to, income earned by Plaintiff and the disability benefits Plaintiff received from the Social Security Administration on Plaintiff's or Plaintiff's dependent(s)'s behalf.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Lincoln reserves the right to assert additional defenses.

**PRAYER**

Lincoln prays that this Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

*(The remainder of this page intentionally left blank.)*

RESPECTFULLY SUBMITTED, this the 15th day of August 2023.

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**


*/s/ Andrew W. Coffman*
Andrew W. Coffman (TN BPR#: 027160)
PHELPS DUNBAR LLP
105 East Main Street, Suite 201
Tupelo, MS 38804
Post Office Box 1220
Tupelo, MS 38802-1220
Phone: (662) 842-7907
Fax: (662) 842-3873
E- mail: andrew.coffman@phelps.com

- AND -

*/s/ Iwana Rademaekers*
Iwana Rademaekers (Texas Bar # 16452560)
(Motion for Admission *Pro Hac Vice* Pending)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
E-mail: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was served on counsel for Plaintiff via e-mail on August 15, 2023 at their usual business e-mail addresses stated below, and this pleading was filed on August 16, 2023 using the CM/ECF filing system which sent notification of same to counsel for Plaintiff as follows:

K. Cody Allison
cody@codyallison.com

Samuel D. Payne
sam@codyallison.com

Andrew M. Hickman
drew@codyallison.com

| | |
|---|---|
| August 16, 2023 | */s/ Andrew W. Coffman* |
| Date | Andrew W. Coffman |