**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **MATTHEW DUNTZ,**<br>**Plaintiff;** | ) | |
| | ) | **Civil Action No.: 3:23-cv-00692** |
| **vs.** | ) | **Judge Eli Richardson** |
| | ) | **Magistrate Judge Chip Frensley** |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,**<br>**Defendant.** | ) | |

**INITIAL CASE MANAGEMENT ORDER**

Plaintiff Matthew Duntz ("Plaintiff" or "Mr. Duntz") and Defendant The Lincoln National Life Insurance Company ("Defendant" or "Lincoln") file this Proposed Initial Case Management Order and joint report of the parties pursuant to Rule 26 of the Federal Rules of Civil Procedure and Local Rule 16.01. Pursuant to Federal Rule of Civil Procedure 26(f), the parties established the following schedule:

**A. JURISDICTION:** Jurisdiction is not disputed. The Court has "federal question" jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e), (f).

**B. BRIEF THEORIES OF THE PARTIES**

Plaintiff: Mr. Duntz seeks payment of long-term disability ("LTD") benefits under ERISA and the terms of the Plan/Policy at issue. He is disabled from working based on atherosclerotic heart disease, two heart attacks within 18 months, abnormal cardiac catheterization, placement of stent(s), hyperlipidemia, chest pain, chronic angina, shortness of breath, benign paroxysmal positional vertigo, night sweats/diaphoresis, cancer in numerous locations including liver, degenerative changes of the spine, sacral and sacrococcygeal instabilities, pain in thoracic spine, cervicalgia, lymphadenectomy, Mohs surgery to remove tumor on face, abnormal weight loss,

myalgia, gout, vitamin D deficiency, hypothyroidism, and hearing loss.

As for what standard of review that may apply in this particular case, Plaintiff respectfully reserves all points and arguments regarding what the proper standard of review will be herein, pursuant to *Firestone v. Bruch*, 489 U.S. 101, 109 S. Ct. 948, 103 L. Ed. 2d 80 (1989), and its progeny. Here, it is plain that Lincoln has a financial conflict of interest, since it is both the ultimate decision-maker (claims administrator or claims fiduciary) but also the payer/funding source for any benefits. A showing of this bias will be relevant to the Court's consideration of the ERISA standard of review.

Defendant: Defendant denies that Plaintiff is entitled to any relief by this action. As Plaintiff's claim arises under ERISA, the Court must review it under the arbitrary and capricious standard, and the decision reached with regard to Plaintiff's claim for benefits were not an abuse of discretion. To be eligible for benefits, Plaintiff must be "totally disabled," as defined by the policy. However, after a full and fair review, Defendant found that Plaintiff was not eligible for benefits under the Policy's definition of "totally disabled."

**C. ISSUES RESOLVED:** The parties agree that jurisdiction and venue are proper and that Defendant was properly served.

**D. ISSUES STILL IN DISPUTE:** Whether Plaintiff is entitled to LTD benefits under the provisions of the Lincoln policy at issue (Policy No.: 000010141290); and, if so, the duration and amount(s).

**E. INITIAL DISCLOSURES:** The parties agree that service of the Administrative Record ("AR") by Defendant on Plaintiff will satisfy the requirement for any initial disclosures by Defendant under Rule 26(a). Defendant shall serve Plaintiff with the Administrative Record by **November 2, 2023**. Beyond this, no initial disclosures under Rule 26(a) are required of either

party.

**F. CASE RESOLUTION PLAN AND JOINT STATUS REPORTS:** The parties are encouraged to consider the Alternative Dispute Resolution options provided in Local Rules 16.02 through 16.05. By no later than **December 28, 2023**, the parties shall submit a joint report confirming that the parties made a good faith attempt to resolve the case. The joint report shall also state whether the parties believe ADR might assist in resolution of the case. If a judicial settlement conference is requested in either joint report or separately, the parties shall also state (i) the reasons why mediation is not feasible; (ii) their proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference.

**G. DISCOVERY:** Neither party has served discovery at this time.

Any discovery taken will be limited by the fact that this is an action seeking the recovery of ERISA benefits under 29 U.S.C. §1132(a), and as such the Court's review is generally limited to a review of the information available to the claim decision-maker at the time the final benefit determination was made.

Plaintiff contends that limited discovery may be permitted after an initial showing demonstrating the existence of conflict of interest/bias or violation of due process on the part of the decision-maker. Moreover, there is the possibility that the parties will disagree as to what constitutes the Administrative Record.

Defendant agrees that only limited discovery is permitted in ERISA actions to recover benefits.

Thus, the parties agree to the following plan:

1. Should Plaintiff have any objection to the content of the Administrative Record,

such written objection shall be filed on or before **November 16, 2023**.

2. Defendant shall file the Administrative Record with the Court by **November 27, 2023**. If, on this date, objections to the content of the AR are pending, the AR shall be filed within fourteen (14) days of entry of an order resolving the objections. Plaintiff may request that the AR be filed under seal to protect the confidential and private information of Plaintiff. Defendant need not file a separate motion to seal and may simply state in the notice of filing that the AR is filed pursuant to the provisions of a Court Order.

3. Should Plaintiff seek to take discovery, Plaintiff shall serve or notice such discovery on or before **December 7, 2023**. In the event Plaintiff serves discovery, Defendant shall (i) respond/object to the discovery or (ii) notify Plaintiff in writing that all or a portion of the proposed discovery is outside the bounds of discovery permitted in a claim seeking recovery of an ERISA benefit within the timelines described in the Federal Rules of Civil Procedure. In any event, limited written discovery, if conducted, shall be completed by no later than **February 8, 2024**.

4. A party may not bring a discovery dispute to the Court for resolution before lead counsel for that party has held a telephonic or in-person discussion with lead counsel for every one of the parties adverse to it with respect to the dispute (which, in the case of multiple adverse parties, may occur separately with different adverse parties) and has made a good-faith effort to resolve the dispute. Discovery disputes that cannot be resolved after the required discussion(s) should be brought promptly to the attention of the Magistrate Judge via a request for a discovery conference. It will be within the Magistrate Judge's discretion whether to allow for the filing of discovery related motions. All discovery motions shall be filed by no later than **January 11, 2024**. In connection with any discovery conference or discovery motion, the applicable parties shall file a joint discovery dispute statement, which describes the specific discovery request(s) in dispute and

details each party's position with supporting fact and legal authorities. The joint discovery dispute statement shall certify that lead counsel for every applicable party held the aforementioned telephonic or in-person discussion(s) and made a good faith effort to resolve each discovery dispute presented in the statement. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01(a)(2) or (a)(3), but must clearly state in the filing (made in accordance with any timing requirements set forth in Local Rule 7.01(a)(3)) that the joint statement is adopted as the party's memorandum of law or response, as the case may be.

**H. MOTIONS TO AMEND OR TO ADD PARTIES:** Any motions to amend or to add parties shall be filed by no later than **November 27, 2023** and must comply with Local Rules 7.01 and 15.01.

**I. DISCLOSURE OF EXPERTS:** The parties agree that no expert-witness disclosures are necessary.

**J. SUBSEQUENT CASE MANAGEMENT CONFERENCE**: A subsequent case management conference shall be held telephonically on **March 20, 2024 at 9:00 a.m.** to address: status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters. The Parties shall call 1-877-336-1831 at the appointed time. and when prompted for the access code, enter 7039387# to participate in the Conference. If a party has difficulty connecting to the call or has been on hold for more than five (5) minutes, please contact chambers at 615-736-7344.

**K. DISPOSITIVE MOTIONS:** As provided above, the parties must attempt to resolve the case prior to the filing of dispositive motions. Dispositive motions shall be filed by no later than **June 24, 2024**. Responses to dispositive motions shall be filed within 28 days after the

filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

**L. ELECTRONIC DISCOVERY:** The parties will address any e-discovery issues by agreement but do not anticipate the need for discovery of electronically stored information. Therefore, the default standard contained in Administrative Order No. 174-1 need not apply to this case.

**M. MODIFICATION OF CASE MANAGEMENT ORDER**. Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally schedule deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

**N. ESTIMATED TRIAL TIME:** While Plaintiff agrees that trials are not typically conducted in ERISA cases, he believes that there may be disputed factual issues that could necessitate a trial on those issues if this case is not resolved by dispositive motions (motions for judgment on the record).

As this is an ERISA action, no trial is anticipated by Defendant. However, in the unlikely event that this case is not resolved through settlement or dispositive motions, a bench trial would last approximately 1-2 days.

**O. MAGISTRATE JUDGE:** The parties do not consent, pursuant to Fed. R. Civ. P. 73 and Local Rule 73.01, to proceed before the Magistrate Judge in this matter.

**IT IS SO ORDERED.**

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**